Filed 8/27/13  P. v. Arnold CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057319 |
| v. | (Super.Ct.No. FWV1200554) |
| TERRY DARNELL ARNOLD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Affirmed.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION[1]

After defendant Terry Darnell Arnold tried to shoplift a television from Walmart, he pleaded no contest to one count of felony theft with three priors.[2] (§§ 484, subd. (a), 666, subd. (a).) The court sentenced defendant to four years in prison and imposed various fines and fees, including two restitution and parole revocation fines in the amount of $240. (§§ 1202.4, subd. (b), and 1202.45.) On appeal, defendant contends the imposition of the $240 fines constituted an ex post facto application of the law. We disagree and we affirm the judgment.

# II

## STATEMENT OF FACTUAL AND PROCEDURAL BACKGROUND

We derive the brief summary of facts from the preliminary hearing which supplied the basis for defendant's plea agreement.

On Christmas Eve in 2011, defendant and his wife visited an Upland Walmart store to return a bicycle. As recorded by a surveillance video camera, defendant's wife waited in the customer service line while defendant went to the electronics department, selected a television, and returned to customer service. Defendant and his wife attempted to return the television without a receipt. The customer service manager checked the

---

[1] All statutory references are to the Penal Code.

[2] It was originally alleged defendant had 11 prison priors (§ 667.5, subd. (b)), involving theft offenses, and one strike prior (§§ 667, subds. (b)-(i) and 1170.12, subds. (a)-(d).)

serial number for the television set and determined it had not been sold. The customer service manager contacted the loss prevention department but processed the return, giving defendant and his wife a gift card instead of cash because they did not have a receipt. Defendant was subsequently arrested.

On September 21, 2012, defendant entered a plea of no contest to one count of felony theft with three priors. (§§ 484, subd. (a), and 666, subd. (a).) After defendant stipulated to immediate sentencing, the court imposed sentence, including a $240 victim restitution fine (§§ 1202.4, subd. (b), and 2085.5) and a suspended $240 parole revocation fine. (§ 1202.45.)

## III

## DISCUSSION

In 2011, when defendant committed his offense, the minimum fine under section 1202.4, subdivision (b), was $200. In 2012, when defendant was sentenced, the minimum fine had increased to $240. (Stats. 2011, ch. 358, § 1; *People v. Kramis* (2012) 209 Cal.App.4th 346, 350, fn. 2.)

The ex post facto clauses of both the federal and state Constitutions prohibit any statute which makes more burdensome the punishment for a crime after its commission. (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 294, 295.) "A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws. [Citations.]" (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30.)

3

Defendant contends the imposition of the $240 resitution and parole revocation fines violated the constitutional prohibition against the ex post facto application of a law because the trial court intended to impose the statutory minimum of $200 effective in 2011 and therefore erroneously imposed the $240 minimum applicable in 2012. We are not persuaded.

First, there is no ex post facto application of section 1202.4, subdivision (b)(1), because the court had discretion to impose a restitution fine up to $10,000 and thus defendant was not subject to increased punishment when the sentencing court ordered him to pay $240. In 2011, nothing prohibited a restitution fine of $240. The maximum fine in both 2011 and 2012 was $10,000. "Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.]" (*People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

Second, the court is presumed to have followed the correct law, even if it did not explicitly state the law it was applying. (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 562.) An appellant has the burden of affirmatively showing error, and we cannot find such error on the basis of mere speculation about what the court intended. Instead, the sentencing court made no reference to applying the statutory minimum for the restitution fine, and there is nothing in the record to support such a finding. The sentencing court clearly was within its discretion when it ordered defendant to pay $40

4

more than the statutory minimum applicable at the time defendant committed the offenses. The $240 fines could be lawfully imposed in 2011 and were not unauthorized in 2012. As such, we conclude the court did not abuse its discretion in ordering defendant to pay restitution of $240.[3]

Because the $240 fines were not unauthorized, defendant forfeited any claim that the trial court mistakenly imposed more than the minimum fine by not raising it at the sentencing hearing. "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention. As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them." (*People v. Scott, supra*, 9 Cal.4th at p. 353.) Here, had defendant raised the 2011 minimum fine amount below, the trial court could have corrected any error in the amount of the fine. Because he did not, he may not challenge the fine on appeal.

---

[3] We also reject defendant's puzzling argument, raised for the first time in his reply brief, that the trial court was confused because the statutory minimum for defendant should actually have been $800, not $200, under the discretionary provisions of section 1202.4, subdivision (b)(2).

IV

DISPOSITION

The trial court did not abuse its discretion in imposing two fines of $240.  We

affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


KING
J.