Filed 11/6/13  P. v. Jackson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062946 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE320691) |
| LEON GERARD JACKSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Allan J. Preckel, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Charles C. Ragland, Deputy Attorney General, for Plaintiff and Respondent.

In September 2012, a jury found Leon Gerard Jackson guilty of robbery (Pen. Code, § 211).[1]  Jackson waived his right to a jury trial on the enhancements and admitted the allegations he had suffered a prior serious felony conviction (§ 667, subd. (a)) and a prior strike conviction (§ 667, subds. (b)-(i)), and had served three prior prison terms (§ 667.5, subd. (b)).  In November, the court dismissed the prior prison term allegations and sentenced Jackson to nine years in prison: twice the two-year lower term for robbery and five years for the prior serious felony conviction.  The court imposed a $1,000 restitution fine (§ 1202.4, subd. (b)).[2]  Jackson appeals, contending a restitution fine above the $240 statutory minimum required a judicial finding he had the ability to pay, and imposition of the fine without that finding violated his Sixth Amendment right to a jury trial.  We affirm.

BACKGROUND

In May 2012, Jackson entered a grocery store.  He took a bottle of vodka, deodorant and razors from the shelves and put them in his pockets.  He left the store without paying for items in his pockets, although he did pay for other merchandise. Outside the store, security officers confronted Jackson.  Jackson punched one of the officers in the jaw and ear, chipping the officer's tooth.  Jackson ran to a van, got in and drove away.

---

[1]     All further statutory references are to the Penal Code.

[2]     The court also imposed a $1,000 parole revocation fine.  (§ 1202.45.)

2

The probation report recommended a $2,600 restitution fine.[3]  Jackson's

counsel did not object to the imposition of the restitution fine.

DISCUSSION

The People argue Jackson forfeited the right to object to the restitution fine by

not objecting at sentencing.  Jackson argues there was no forfeiture.  Even assuming a

forfeiture, we retain the discretion to review the issue on the merits.  (*People v.*

*McCullough* (2013) 56 Cal.4th 589, 593.)

"In every case where a person is convicted of a crime, the court shall impose a

separate and additional restitution fine, unless it finds compelling and extraordinary

reasons for not doing so and states those reasons on the record."  (§ 1202.4, subd. (b).)

In 2012, section 1202.4, subdivision (b), provided the court had discretion to set the

restitution fine at an amount between $240 and $10,000, "commensurate with the

seriousness of the offense."  (§ 1202.4, subd. (b)(1).)  Section 1202.4, subdivision (d),

states:  "In setting the amount of the fine pursuant to subdivision (b) in excess of the

minimum fine pursuant to paragraph (1) of subdivision (b), the court shall consider

any relevant factors, including, but not limited to, the defendant's inability to pay, the

seriousness and gravity of the offense and the circumstances of its commission, any

economic gain derived by the defendant as a result of the crime, the extent to which

any other person suffered losses as a result of the crime, and the number of victims

involved in the crime. . . .  A defendant shall bear the burden of demonstrating his or

---

[3]     The probation report also recommended a $2,600 parole revocation fine.

her inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. . . ." Section 1202.4, subdivision (b), allowed the court to determine the amount of the fine by multiplying $240 "by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (§ 1202.4, subd. (b)(1) & (2).)

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 (*Apprendi*).) "[T]he rule of *Apprendi* applies to the imposition of criminal fines." (*Southern Union Co. v. U.S.* (2012) __U.S. __, 132 S.Ct. 2344, 2357.) Jackson asserts the maximum restitution fine allowed by *Apprendi* is $240 because higher amounts require factual findings by the sentencing court. Other courts of appeal have rejected this argument. "*Apprendi* and *Southern Union Co.* do not apply when, as [with section 1202.4], the trial court exercises its discretion within a statutory range." (*People v. Kramis* (2012) 209 Cal.App.4th 346, 351 (*Kramis*); accord *People v. Urbano* (2005) 128 Cal.App.4th 396, 405 (*Urbano*).) We agree with the reasoning in those cases.

"It is the fact of the conviction that triggers imposition of a section 1202.4, subdivision (b)(1) restitution fine." (*Kramis, supra,* 209 Cal.App.4th at pp. 349-350.) " '[N]othing in [the common law and constitutional history] suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to the offense and offender—in imposing a judgment *within the*

4

*range* prescribed by statute.' (*Apprendi*, *supra*, 530 U.S. at p. 481; accord, [*Urbano*,] *supra*, 128 Cal.App.4th at pp. 405-406.) As the Court of Appeal for the Fifth Appellate District noted in *Urbano*, '*Apprendi* distinguishes a "sentencing factor"—a "circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense"—from a "sentence enhancement"—"the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict" constituting "an increase beyond the maximum authorized statutory sentence." ([*Apprendi, supra*, 530 U.S.] at p. 494, fn. 19.)' ([*Urbano*, at pp. 405-406.]) Nothing in *Southern Union Co.* alters that holding. Under the applicable version of section 1202.4, subdivision (b)(1), absent compelling and extraordinary circumstances, the trial court was required to impose a restitution fine in an amount between $200[4] and $10,000. The $1,000 section 1202.4, subdivision (b) restitution fine imposed in the present case was within that statutory range. The trial court did not make any factual findings that increased the potential fine beyond what the jury's verdict—the fact of the conviction—allowed. Therefore, *Apprendi* and its progeny do not preclude its imposition. ([*Urbano, supra*, 128 Cal.App.4th at pp. 405-406.])" (*Kramis, supra,* 209 Cal.App.4th at pp. 351-352.)

---

4      During the relevant time in *Kramis*, $200 was the statutory minimum. (*Kramis, supra,* 209 Cal.App.4th at p. 349.)

We need not discuss Jackson's contention that trial counsel was ineffective because he did not object to the restitution fine.

### DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.