[No. B236892. Second Dist., Div. Five. Sept. 13, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH LAWRENCE KRAMIS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts II. through III.D.

348

COUNSEL

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle, Michael R. Johnsen and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**TURNER, P. J.—**

## I. INTRODUCTION

A jury convicted defendant, Joseph Lawrence Kramis, of assaulting a woman, Nicole J., by means of force likely to produce great bodily injury. (Pen. Code,[1] former § 245, subd. (a)(1), as amended by Stats. 2004, ch. 494, § 1, p. 4040, now § 245, subd. (a)(4), as amended by Stats. 2011, ch. 183, § 1.) The jury found *not true* an allegation defendant personally inflicted great bodily injury. (§ 12022.7, subd. (a).) The trial court declared a mistrial as to a second count, willful infliction of corporal injury upon a former cohabitant. (§ 273.5, subd. (a).) Defendant was sentenced to four years in state prison. Defendant contends the trial court erroneously excluded evidence going

---

[1] All further statutory references are to the Penal Code except where otherwise noted.

directly to the victim's credibility and veracity; it was reversible error to fail to instruct the jury it had to specify in the verdict what act constituted assault with force likely to produce great bodily injury; it was an abuse of discretion to deny defendant probation; and defendant was entitled to additional presentence custody credit. In addition, we asked the parties to brief the effect, if any, of *Southern Union Co. v. United States* (2012) 567 U.S. ___, ___–___ [183 L.Ed.2d 318, 132 S.Ct. 2344, 2348–2349] on the trial court's imposition of a $10,000 restitution fine. (Former § 1202.4, subds. (b)(1), (c) & (d), as amended by Stats. 2008, ch. 468, § 1.) We modify the judgment as to defendant's presentence custody credit. We affirm the judgment in all other respects.

## II.   THE EVIDENCE*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III.   DISCUSSION

### A.–D.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### E.   Restitution

█   The trial court imposed a $10,000 restitution fine under former section 1202.4, subdivision (b)(1) as it was in effect on the date of the offense. We asked the parties to brief the question what was the effect, if any, of *Southern Union Co. v. United States, supra,* 567 U.S. at pages ___–___ [132 S.Ct. at pp. 2348–2349] (*Southern Union Co.*) on the trial court's imposition of a $10,000 restitution fine. Former section 1202.4, subdivision (b) provided, "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." At the time of the assault on Nicole (July 3, 2009), in the case of a felony conviction, the minimum fine was $200, while the maximum fine was $10,000. (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1534 [86 Cal.Rptr.2d 134].)[2] It is the fact of the conviction that triggers

---

*See footnote, *ante,* page 346.

[2] Section 1202.4, subdivision (b)(1) was amended effective January 1, 2012, to provide: "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars

imposition of a section 1202.4, subdivision (b)(1) restitution fine. (*People v. Arata* (2004) 118 Cal.App.4th 195, 202 [12 Cal.Rptr.3d 757]; *People v. Chambers* (1998) 65 Cal.App.4th 819, 822 [76 Cal.Rptr.2d 732].)

The amount between $200 and $10,000 is set in the court's discretion, "commensurate with the seriousness of the" crime of which the accused has been convicted. (§ 1202.4, subd. (b)(1).) A defendant's inability to pay is not a compelling and extraordinary reason to excuse imposition of a section 1202.4, subdivision (b)(1) restitution fine. (§ 1202.4, subd. (c).) However, a defendant's ability to pay is considered, among other factors, in setting the amount of the fine above $200. (§ 1202.4, subds. (c)–(d).) At the time defendant committed the present offense as well as when he was convicted and sentenced, section 1202.4, subdivision (d) stated: "In setting the amount of the fine pursuant to subdivision (b) in excess of the two hundred-dollar ($200) or one hundred-dollar ($100) minimum, the court shall consider any relevant factors including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered any losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay may include his or her future earning capacity. A defendant shall bear the burden of demonstrating his or her inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required." Here, as noted, the trial court imposed the statutory maximum—a $10,000 restitution fine.

█ In *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*), the United States Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." As the United States Supreme Court explained in *Blakely v. Washington* (2004) 542 U.S. 296, 303 [159 L.Ed.2d 403, 124 S.Ct. 2531] (*Blakely*), "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (Some italics omitted.) Stated differently, "[T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but

($10,000), if the person is convicted of a felony, and shall not be less than one hundred twenty dollars ($120) starting on January 1, 2012, one hundred forty dollars ($140) starting on January 1, 2013, and one hundred fifty dollars ($150) starting on January 1, 2014, and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor." (Stats. 2011, ch. 358, § 1.)

the maximum he may impose *without* any additional findings." (*Id.* at pp. 303–304.) Therefore, in sentencing a defendant, a judgment may not "inflict[] punishment that the jury's verdict alone does not allow." (*Id.* at p. 304.) In *Southern Union Co.*, the United States Supreme Court held *Apprendi* applies to the imposition of criminal fines. (*Southern Union Co., supra*, 567 U.S. at p. ___ [132 S.Ct. at p. 2357].) The statutory fine imposed in *Southern Union Co.* was $50,000 for *each day* of violation. In other words, the amount of the fine was tied to the *number of days the statute was violated*. In *Southern Union Co.*, the trial court, not the jury, made a specific finding as to the number of days of violation. The United States Supreme Court held the district court's factual finding as to the number of days the defendant committed the crime violated *Apprendi*. (*Southern Union Co., supra*, 567 U.S. at p. ___ [132 S.Ct. at p. 2352].)

■ *Southern Union Co.* does not impact the restitution fine imposed in the present case. *Apprendi* and *Southern Union Co.* do not apply when, as here, the trial court exercises its discretion within a statutory range. (*Apprendi, supra*, 530 U.S. at p. 481; *People v. Urbano* (2005) 128 Cal.App.4th 396, 405 [26 Cal.Rptr.3d 871], citing *United States v. Booker* (2005) 543 U.S. 220, 233–234 [160 L.Ed.2d 621, 125 S.Ct. 738] (maj. opn. of Stevens, J.); and *id.* at pp. 278–280 (dis. opn. of Stevens, J.); 3 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Punishment, § 113, p. 197; see *U.S. v. Milkiewicz* (1st Cir. 2006) 470 F.3d 390, 403–404; *U.S. v. Reifler* (2d Cir. 2006) 446 F.3d 65, 118–120; *U.S. v. Leahy* (3d Cir. 2006) 438 F.3d 328, 337 [en banc].) As the United States Supreme Court held in *Apprendi*, "[N]othing in [the common law and constitutional history] suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to the offense and offender—in imposing a judgment *within the range* prescribed by statute." (*Apprendi, supra*, 530 U.S. at p. 481; accord, *People v. Urbano, supra*, 128 Cal.App.4th at pp. 405–406.) As the Court of Appeal for the Fifth Appellate District noted in *Urbano*, "*Apprendi* distinguishes a 'sentencing factor'—a 'circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense'—from a 'sentence enhancement'—'the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict' constituting 'an increase beyond the maximum authorized statutory sentence.' ([*Apprendi, supra*, 530 U.S.] at p. 494, fn. 19.)" (*People v. Urbano, supra*, 128 Cal.App.4th at pp. 405–406.) Nothing in *Southern Union Co.* alters that holding. ■ Under the applicable version of section 1202.4, subdivision (b)(1), absent compelling and extraordinary circumstances, the trial court was required to impose a restitution fine in an amount between $200 and $10,000. The $10,000 section 1202.4, subdivision (b) restitution fine imposed

in the present case was within that statutory range. The trial court did not make any factual findings that increased the potential fine beyond what the jury's verdict—the fact of the conviction—allowed. Therefore, *Apprendi* and its progeny do not preclude its imposition. (*People v. Urbano, supra*, 128 Cal.App.4th at pp. 405–406.)

## IV.   DISPOSITION

The judgment is modified to award defendant 55 days of presentence custody credit and 55 days of conduct credit for a total presentence custody credit of 110 days. In all other respects, the judgment is affirmed. Upon remittitur issuance, the clerk of the superior court is to prepare an amended abstract of judgment and deliver a copy to the Department of Corrections and Rehabilitation.

Mosk, J., and Kriegler, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 12, 2012, S206082.