Filed 5/24/13  P. v. McCarroll CA5

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F064953 |
| v. | (Super. Ct. No. 1422700) |
| TRACY SCOTT MCCARROLL, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Ricardo Cordova, Judge.

James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Wiseman, Acting P.J., Cornell, J., and Gomes, J.

A jury convicted appellant, Tracy Scott McCarroll, of battery on a cohabitant (Pen. Code, § 273.5, subd. (a)),[1] evading a police officer (Veh. Code, § 2800.2, subd. (a)), driving in the direction opposite to lawful traffic during willful flight (Veh. Code, § 2800.4), possession of marijuana for purposes of sale (Health & Saf. Code, § 11359), and false imprisonment (§§ 236, 237, subd. (a)).  The court imposed a prison term of five years and ordered that appellant pay various fines and fees, including a restitution fine of $1,200 under former section 1202.4, subdivision (b).

On appeal, appellant argues that the restitution fine, because it exceeded the statutory minimum and was based on facts found by the sentencing court, rather than by a jury, violated his federal constitutional right to trial by jury under principles set forth in *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) and *Southern Union Co. v. U.S.* (2012) ___ U.S. ____ [132 S.Ct. 2344, 2357] (*Southern Union Co.*).  We affirm.

## DISCUSSION

Appellant committed the instant offenses in 2010.  At that time, as now, section 1202.4, subdivision (b) provided:  "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record."  At the time of the instant offenses, section 1202.4, subdivision (b)(1) provided that the minimum fine was $200, while the maximum fine was $10,000.  (Former § 1202.4, subd. (b)(1)).[2]  Within that range, then as now, the fine was "to be set at the discretion of the

---

[1]     Except as otherwise indicated, all statutory references are to the Penal Code.

[2]     Section 1202.4, subdivision (b)(1) now provides:  "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense.  If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000).  If the person is convicted of a misdemeanor, the fine shall not be less than one hundred twenty dollars ($120) starting on January 1, 2012, one

court and commensurate with the seriousness of the offense" (*ibid*.), and the court, in setting the amount of the fine, was required to "consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime"  (§ 1202.4, subd. (d)).

In *Apprendi*, the United States Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. (*Apprendi*, *supra*, 530 U.S. at p. 490.)  In *Southern Union Co.*, the court held that this rule applied equally to imposition of criminal fines.  As the court explained in *People v. Kramis* (2012) 209 Cal.App.4th 346, 351 (*Kramis*):  "The statutory fine imposed in *Southern Union Co.* was $50,000 for each day of violation.  In other words, the amount of the fine was tied to *the number of days the statute was violated*.  In *Southern Union Co.*, the trial court, not the jury, made a specific finding as to the number of days of violation.  The United States Supreme Court held the district court's factual finding as to the number of days the defendant committed the crime violated *Apprendi*.  (*Southern Union Co.*, *supra*, 567 U.S. at p. _____, [132 S.Ct. at p. 2352].)"

Appellant's reliance on *Apprendi* and *Southern Union Co.* is misplaced.  In *Kramis*, the court, in addressing an argument virtually identical to the one appellant raises here, held:  "*Southern Union Co.* does not impact the restitution fine imposed in the present case.  *Apprendi* and *Southern Union Co.* do not apply when, as here, the trial

---

hundred forty dollars ($140) starting on January 1, 2013, and one hundred fifty dollars ($150) starting on January 1, 2014, and not more than one thousand dollars ($1,000)."

court exercises its discretion within a statutory range. [Citations.] As the United States Supreme Court held in *Apprendi*, '[N]othing in [the common law and constitutional history] suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to the offense and offender—in imposing a judgment within the range prescribed by statute.' (*Apprendi*, *supra*, 530 U.S. at p. 481; accord, [*People v. Urbano* (2005) 128 Cal.App.4th 396, at pp.] 405-406.) As the Court of Appeal for the Fifth Appellate District noted in *Urbano*, '*Apprendi* distinguishes a "sentencing factor"—a "circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence within the range authorized by the jury's finding that the defendant is guilty of a particular offense"—from a "sentence enhancement"—"the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict" constituting "an increase beyond the maximum authorized statutory sentence." ([*Apprendi*, *supra*, 530 U.S.] at p. 494, fn. 19.)' (*People v. Urbano*, *supra*, 128 Cal.App.4th at pp. 405-406.) Nothing in *Southern Union Co.* alters that holding." (*Kramis*, *supra*, 209 Cal.App.4th at p. 351, italics omitted.)

Appellant contends *Kramis* was wrongly decided. He argues that under *Apprendi* and *Southern Union Co.*, imposition of a restitution fine in excess of the statutory minimum required factual findings on which he had the right to a jury trial. His argument ignores the point made in *Kramis* that *Apprendi* and *Southern Union Co.* do not apply where, as here, the fine imposed is within the statutory range. We agree with the reasoning and result in *Kramis*.

As indicated earlier, under the applicable version of section 1202.4, subdivision (b)(1), absent compelling and extraordinary circumstances, the trial court was required to impose a restitution fine in an amount between $200 and $10,000. The $1,200 restitution fine imposed in the instant case was within that statutory range. The trial court did not make any factual findings that increased the potential fine beyond the prescribed statutory

4

maximum.  Therefore, *Apprendi* and its progeny do not preclude the imposition of the $1,200 restitution fine here.  (*Kramis*, *supra*, 209 Cal.App.4th at pp. 351-352; *People v. Urbano*, *supra*, 128 Cal.App.4th at pp. 405-406.)

## DISPOSITION

The judgment is affirmed.