Filed 10/11/13  P. v. Arredondo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>     v.<br><br>JAVIER JUNIOR ARREDONDO,<br><br>   Defendant and Appellant. | F065165<br><br>(Super. Ct. No. VCF255912A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Peter Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Peter W. Thompson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Gomes, J. and Kane, J.

Appellant, Javier Junior Arredondo, pled no contest to assault with a deadly weapon (count 2/Pen. Code, § 245, subd. (a)(1))**1** and admitted a personal use of a firearm enhancement (§ 12022.5, subd. (a)), a great bodily injury enhancement (§ 12022.7, subd. (a)), and a gang enhancement (§ 186, subd. (b)(1)(C)).

On June 15, 2012, the court sentenced Arredondo to an aggregate term of 20 years: the mid-term of three years on his assault conviction; a four-year arming enhancement; a three-year great bodily injury enhancement; and a 10-year gang enhancement. The court also imposed a $2,000 restitution fine (§ 1202.4, subd. (b)) and a corresponding $2,000 parole revocation fine (§ 1202.45).

On appeal, Arredondo contends the restitution fine, because it exceeded the statutory minimum and was based on facts found by the sentencing court, rather than by a jury, violated his federal constitutional right to trial by jury under principles set forth in *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) and *Southern Union Co. v. United States* (2012) 567 U.S. ___ [132 S.Ct. 2344] (*Southern Union Co.*).**2** We affirm.

## DISCUSSION

Arredondo committed the instant offenses on July 25, 2011. At that time, as now, section 1202.4, subdivision (b) provided: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." At the time of the instant offenses, section 1202.4, subdivision (b)(1)**3** provided

---

**1**     All further statutory references are to the Penal Code.

**2**     Arredondo also contends we should address the merits of his argument even if we conclude this issue was forfeited by defense counsel's failure to object to the restitution fine in the trial court because the failure to object denied him the effective assistance of counsel. This issue is moot because we address Arredondo's contention on the merits.

**3**     All citations to section 1202.4 are to the version of that section in effect when Arredondo committed his offense in July 2011 (See Stats. 2011, ch. 45, § 1, eff. July 1, 2011).

2

that the minimum fine was $200, while the maximum fine was $10,000. Within that range, then as now, the fine was to be "set at the discretion of the court and commensurate with the seriousness of the offense" (*ibid.*), and the court, in setting the amount of the fine, was required to "consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered any losses as a result of the crime, and the number of victims involved in the crime." (§ 1202.4, subd. (d)).

In *Apprendi*, the United States Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. (*Apprendi*, *supra*, 530 U.S. at p. 490.) In *Southern Union Co.*, the court held that this rule applied equally to imposition of criminal fines. As the court explained in *People v. Kramis* (2012) 209 Cal.App.4th 346 (*Kramis*): "The statutory fine imposed in *Southern Union Co.* was $50,000 for each day of violation. In other words, the amount of the fine was tied to the number of days the statute was violated. In *Southern Union Co.*, the trial court, not the jury, made a specific finding as to the number of days of violation. The United States Supreme Court held the district court's factual finding as to the number of days the defendant committed the crime violated *Apprendi*. (*Southern Union Co.*, *supra*, 567 U.S. at p. ___, ....)" (*Id.* at p. 351, italics omitted.)

Arredondo's reliance on *Apprendi* and *Southern Union Co.* is misplaced. In *Kramis*, the court, in addressing an argument virtually identical to the one Arredondo raises here, held: "*Southern Union Co.* does not impact the restitution fine imposed in the present case. *Apprendi* and *Southern Union Co.* do not apply when, as here, the trial court exercises its discretion within a statutory range. [Citations.] As the United States Supreme Court held in *Apprendi*, '[N]othing in [the common law and constitutional history] suggests that it is impermissible for judges to exercise discretion—taking into

consideration various factors relating both to the offense and offender—in imposing a judgment within the range prescribed by statute.' (*Apprendi*, *supra*, 530 U.S. at p. 481; accord, *People v. Urbano* [(2005)] 128 Cal.App.4th [396,] 405-406.) As the Court of Appeal for the Fifth Appellate District noted in *Urbano*, '*Apprendi* distinguishes a "sentencing factor"—a "circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence within the range authorized by the jury's finding that the defendant is guilty of a particular offense"—from a "sentence enhancement"—"the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict" constituting "an increase beyond the maximum authorized statutory sentence." ([*Apprendi*, *supra*, 530 U.S.] at p. 494, fn. 19.)' (*People v. Urbano*, *supra*, 128 Cal.App.4th at pp. 405-406.) Nothing in *Southern Union Co.* alters that holding." (*Kramis*, *supra*, 209 Cal.App.4th at p. 351, italics omitted.)

Arredondo appears to contend that because section 1202.4, subdivision (c)[4] requires the court to determine a defendant's ability to pay any amount in excess of the minimum fine, under *Apprendi* and *Southern Union Co.*, Arredondo's ability to pay was a fact that he was required to admit or a jury was required to find true before the court could impose a fine greater than the minimum fine. But Arredondo has not shown that, in making this determination, the trial judge is doing anything more than exercising discretion—taking into consideration this and other factors noted in section 1202.4, subdivision (d) relating both to the offense and the offender—in imposing a judgment *within the range* prescribed by statute. (*Kramis*, supra, 209 Cal.App.4th at pp. 350–352.) We agree with the reasoning and result in *Kramis*.

---

**4** Section 1202.4, subdivision (c), in pertinent part, provides: "The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of [the minimum fine pursuant to paragraph (1) of subdivision (b)]."

4

## <u>DISPOSITION</u>

The judgment is affirmed.