Filed 12/2/13  P. v. Estrada CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063486 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS256971) |
| ROBERT LUNA ESTRADA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Edward P. Allard, III, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Susan Miller, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal raises the question of whether a judge may impose a restitution fine greater than the statutory minimum without providing the defendant with a jury trial on

the factors which guide the exercise of judicial discretion. In short, this appeal is about the difference between the $240 minimum restitution fine and the $480 fine imposed under a statute authorizing a maximum restitution fine of $10,000. Consistent with existing case law we will determine that, following an appropriate conviction, a trial judge may exercise discretion in setting the fine in any amount that does not exceed the statutory maximum.

A jury convicted Robert Luna Estrada of one count of battery of a police officer (Pen. Code,[1] § 243, subd. (c)(2)) and one count of felony resisting arrest (§ 69).

Estrada admitted four prison priors (§ 667.5, subd. (b)) and one strike prior (§ 667, subds. (b)-(i)). At sentencing, the court struck one of the prison priors and imposed a determinate term of seven years in prison. The court imposed a $480 restitution fine (§ 1202.4, subd. (b)).

Estrada filed a timely notice of appeal.

Estrada contends the imposition of a restitution fine in excess of $240 violates the Sixth Amendment as interpreted by *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), and *Southern Union Co. v. United States* (2012) ___ U.S. ___ [132 S.Ct. 2344, 183 L.Ed.2d 318] (*Southern Union*). In a related contention Estrada argues his counsel was ineffective for failing to object to the amount of the restitution fine. Estrada also requests this court to review the in camera proceedings related to his motion under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). We find the contentions

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

regarding the restitution fine to be wholly without merit. Our review of the transcript of the in camera proceeding revealed no error by the trial court. Accordingly, we will affirm the judgment.[2]

DISCUSSION

I

*DOES APPRENDI APPLY TO THE RESTITUTION FINE IN THIS CASE?*

Estrada contends, for the first time on appeal, that in order for a trial court to set a restitution fine above the statutory minimum, the defendant must be accorded a jury trial on the facts to be considered in the trial court's exercise of discretion.

In *Apprendi, supra*, 530 U.S. 466, the court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490.) In *Blakely v. Washington* (2004) 542 U.S. 296 (*Blakely*), the court explained that the "statutory maximum" as used in *Apprendi* means the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. (*Blakely, supra,* at pp. 303-304.)

In January 2012, section 1202.4, subdivision (b)(1) provided:

> "(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness

---

[2] Since Estrada does not challenge the admissibility or the sufficiency of the evidence to support his convictions we will omit the traditional statement of facts.

3

of the offense, but shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000), if the person is convicted of a felony, and shall not be less than one hundred twenty dollars ($120) starting on January 1, 2012, one hundred forty dollars ($140) starting on January 1, 2013, and one hundred fifty dollars ($150) starting on January 1, 2014, and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor."

The statute describes the factors a trial judge should consider in determining the amount of restitution fine, within the range of minimum ($240) and maximum ($10,000). Section 1202.4, subdivision (d) provides:

"(d) In setting the amount of the fine pursuant to subdivision (b) in excess of the minimum fine pursuant to paragraph (1) of subdivision (b), the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay may include his or her future earning capacity. A defendant shall bear the burden of demonstrating his or her inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required."

Estrada argues that since one of the factors to be considered by the trial court is the defendant's ability to pay, the process is therefore judicial factfinding that increases punishment. The argument misunderstands the import of *Apprendi* and *Blakely*. Given that Estrada was convicted of relevant felonies, the court, by statute must impose a restitution fine of not more than $10,000. Thus, within the meaning of *Apprendi, supra*,

4

530 U.S. 466, the maximum fine, for the existing offenses is $10,000. The manner of determining the appropriate amount is the exercise of discretion, guided by appropriate sentencing factors.

In *People v. Urbano* (2005) 128 Cal.App.4th 396, 405 (*Urbano*), the court rejected the identical argument made here. The court said that the holdings of *Blakely, supra,* 542 U.S. 296 and *Apprendi, supra*, 530 U.S. 466, "do not apply when the exercise of judicial discretion stays within a sentencing range authorized by statute." (*Urbano, supra* at p. 405) The court went on to uphold a $3,800 restitution fine as part of the total sentence.

Since *Urbano, supra,* 128 Cal.App.4th 396, the U.S. Supreme Court filed its opinion in *Southern Union, supra*, 132 S.Ct. 2344. In that case a company was indicted and found guilty of one count of violation of a federal statute that authorizes a fine of $50,000 for each day of violation. After the jury verdict, the trial court calculated the number of days based upon the probation officer's report and set a fine in an amount vastly greater than called for by the single count of conviction. The jury was never asked to determine the number of days that the violations occurred. Consistent with *Apprendi, supra*, 530 U.S. 466, the majority concluded the maximum fine for the one count, without further jury findings, violated the company's rights under *Apprendi.* Respectfully, *Southern Union* has no relevance to this case in which the statutory maximum fine, based on the jury's verdicts, is $10,000.

In *People v. Kramis* (2012) 209 Cal.App.4th 346 (*Kramis*), the court examined the same argument as raised here by Estrada. The court rejected the contention that the discretionary process under section 1202.4, subdivision (d) in setting the amount of the

5

fine within the statutory maximum constituted judicial factfinding that improperly increased punishment beyond the statutory maximum for the offenses for which the defendant was convicted. (*Kramis, supra*, at pp. 349-352.) The court soundly rejected the identical argument to that raised here by Estrada. Appellant urges us to reject the court's analysis in *Kramis*. We find the court's analysis in *Kramis* to be correct and we will follow it here.

Accordingly, we conclude the trial's decision to impose a fine greater than the statutory minimum was lawful and did not violate the dictates of *Apprendi, supra,* 530 U.S. 466.

## II

### *INEFFECTIVE ASSISTANCE OF COUNSEL*

As a backup argument, Estrada contends that his trial counsel was ineffective for not objecting to the restitution fine amount based on *Apprendi, supra,* 530 U.S. 466. We do not pause long with this contention.

First, the People have not urged forfeiture, so the issue of the applicability of *Apprendi, supra,* 530 U.S. 466 has been addressed on the merits. Thus Estrada has not been disadvantaged by the failure to raise the issue in the trial court.

More importantly, as we have discussed, Estrada's arguments regarding *Apprendi, supra,* 530 U.S. 466 and *Southern Union, supra,* 132 S.Ct. 2344, are completely without merit. Thus under the standard of *Strickland v. Washington* (1984) 466 U.S. 668, there is no showing of error on the part of trial counsel and there is no basis for a finding of prejudice. Estrada was not denied effective assistance of counsel at trial.

III

*PITCHESS MOTION*

Estrada made a *Pitchess* motion in the trial court.  The court held an in camera hearing and examined the records of the officers involved in this case.  At the close of the hearing the court provided some information from those files to the defense.  The record of the in camera hearing was sealed by the court.

Although appellate counsel did not designate the transcript of the in camera hearing as part of the record on appeal, he asked this court to review the sealed proceedings to determine if the trial court correctly determined what information to release. We ordered a transcript of the in camera hearing and have reviewed it.  Our review of the sealed transcript reveals no abuse of discretion by the trial court.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


IRION, J.