Filed 3/24/14  P. v. Trimeloni CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)


| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRIAN LEE TRIMELONI,<br><br>Defendant and Appellant. | C071323<br><br>(Super. Ct. No. 12F791) |


A jury found defendant Brian Lee Trimeloni guilty of possessing methamphetamine for sale.  (Health & Saf. Code, § 11378.)  In a bifurcated proceeding, the trial court found true a prior strike (Pen. Code, § 1170.12)[1] and two prior prison term allegations (§ 667.5, subd. (b)).  The trial court sentenced defendant to an aggregate term of eight years in state prison, consisting of the upper term of three years, doubled for the prior strike, plus an additional one year for each of the two prior prison terms.

---

[1] Further undesignated statutory references are to the Penal Code.

1

Defendant appeals, contending "[t]he $1,920 restitution fine should be reversed because there is insufficient evidence that the trial court found beyond a reasonable doubt that [he] had the ability to pay the fine, which was eight times the statutory minimum." We shall conclude that defendant forfeited most claims on this point by failing to object below. We shall consider his claim based on *Southern Union Co. v. United States* (2012) 567 U.S. ___ [183 L.Ed.2d 318] (*Southern Union*) because that case was decided after his sentencing hearing and conclude that it does not apply "when, as here, the trial court exercises its discretion within a statutory range." (*People v. Kramis* (2012) 209 Cal.App.4th 346, 351-352 (*Kramis*).) Accordingly, we shall affirm the judgment.

## DISCUSSION[2]

Defendant challenges the trial court's imposition of a $1,920 restitution fine based on the trial court's failure to consider his ability to pay. Defendant relies on *Southern Union*, to argue that the trial court was required to find beyond a reasonable doubt that he has the ability to pay a restitution fine in excess of the $240 statutory minimum.

The probation report recommended a restitution fine in the amount of $1,920 pursuant to section 1202.4. The court explained that the fine was calculated by multiplying $240, the mandatory minimum fine, by eight, the number of years of imprisonment defendant was ordered to serve. Defendant did not object to the imposition of the fine or claim that the statutory minimum fine of $240 was compelled.

At the time of defendant's sentencing, section 1202.4, subdivision (b) required the trial court to impose a restitution fine between $240 and $10,000 in every felony case unless "compelling and extraordinary reasons" exist for not doing so. (§ 1202.4, subd. (b).) While a defendant's inability to pay can be considered when increasing a fine beyond the statutory minimum, it "shall not be considered a compelling and

---

[2] The facts of the underlying offense are not relevant to our determination of the issues raised in this appeal.

2

extraordinary reason not to impose a restitution fine." (§ 1202.4, subd. (c).) When determining the amount of the fine, the court must consider "any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses [tangible and intangible] as a result of the crime, and the number of victims involved in the crime." (§ 1202.4, subd. (d).) The court need not conduct a separate hearing to determine the fine, nor make express findings regarding the factors considered in determining the fine. (*Ibid.*) Indeed, the court may determine the amount of the fine by multiplying the minimum fine under section 1202.4, subdivision (b)(1), by the number of years of imprisonment. (§ 1202.4, subd. (b)(2).)

Although defendant forfeited most claims on this point by failing to object during sentencing (see *People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gamache* (2010) 48 Cal.4th 347, 409), we will consider defendant's claim based on *Southern Union* because that case was decided after his sentencing hearing. (*Southern Union, supra*, 183 L.Ed.2d 318.)

In *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] (*Apprendi*), the United States Supreme Court held that a jury must decide beyond a reasonable doubt any fact that increases a criminal penalty beyond a statutory maximum. (*Id.* at p. 490.) In *Southern Union*, the Court extended the *Apprendi* rule to monetary fines. (*Southern Union, supra*, 183 L.Ed.2d at pp. 329, 334.) Defendant argues the trial court was required to find beyond a reasonable doubt that relevant factors supported imposing a restitution fine exceeding the $240 statutory minimum in this case.

As defendant acknowledges, his argument was recently addressed and rejected in *Kramis*. *Kramis* explained that *Apprendi* and *Southern Union* do not apply unless a court imposes a penalty that exceeds a statutory range. (*Kramis, supra,* 209 Cal.App.4th at p. 351.) Because the trial judge imposed a $10,000 fine in *Kramis*, the court held the fine

3

was within the statutory range, did not implicate *Apprendi* or *Southern Union*, and therefore did not need to be decided by a jury. (*Kramis,* at pp. 351-352; see also *People v. Pangan* (2013) 213 Cal.App.4th 574, 585-586 ["neither *Southern Union, Apprendi* nor *Blakely*[*v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403]] have any application to direct victim restitution, because direct victim restitution is not a criminal penalty"]; *People v. Urbano* (2005) 128 Cal.App.4th 396, 405 ["the holdings in *Blakely* and *Apprendi* do not apply when the exercise of judicial discretion stays within a sentencing range authorized by statute"].) We find *Kramis's* reasoning persuasive and defendant's attempt to discredit it unconvincing. Accordingly we shall follow it. Like the fine in *Kramis*, the trial court here exercised discretion within the statutory range and imposed a $1,920 restitution fine. Because the fine does not exceed the maximum, *Southern Union* does not apply.

The trial court did not err in imposing a $1,920 restitution fine.

DISPOSITION

The judgment is affirmed.

     BLEASE     , Acting P. J.


We concur:


    NICHOLSON    , J.


    MAURO    , J.

4