Filed 4/3/14  P. v. Dearmond CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072409 |
| v. | (Super. Ct. No. 12F02438) |
| MICHAEL THOMAS DEARMOND, | |
| Defendant and Appellant. | |

A jury found defendant Michael Thomas Dearmond guilty of second degree robbery (Pen. Code,[1] §§ 211, 212.5, subd. (c)) and second degree burglary (§§ 459, 460, subd. (b)).[2]  The trial court found defendant had a prior serious felony conviction (§§ 667, 1170.12) and had served a prior prison term (§ 667.5, subd. (b)).

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    The jury deadlocked on another count of second degree burglary, a mistrial was declared, and the count was dismissed.

1

Defendant was sentenced to prison for 16 years and was ordered to pay a $3,200 restitution fine pursuant to section 1202.4, subdivision (b), and a $3,200 restitution fine suspended unless parole is revoked pursuant to section 1202.45.

On appeal, defendant contends imposition of a restitution fine in excess of the $240 statutory minimum violated his rights to a jury trial and due process. We reject defendant's contention and affirm the judgment.

## FACTS

The facts of defendant's offenses are not necessary to decide defendant's challenge to the restitution fine.

At sentencing, the trial court ordered defendant to pay a restitution fine in the amount of $3,200 pursuant to section 1202.4 as recommended in the probation report. As the parties recognize, the court did not make any specific findings regarding this fine nor did it state for the record its reasons for imposing the fine in that amount.

## DISCUSSION

Defendant contends the trial court's imposition of a restitution fine greater than $240 pursuant to section 1202.4, subdivision (b)(1), violated his rights to a jury trial and to due process under the Sixth and Fourteenth Amendments. We are not persuaded.

In 2012, when the crimes were committed and defendant was sentenced, section 1202.4, subdivision (b), provided: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." In the case of a felony conviction, the minimum restitution fine was $240 as of January 1, 2012, and the maximum fine was $10,000. (§ 1202.4, subd. (b)(1); Stats. 2011, ch. 358, § 1.) The fine was to "be set at the discretion of the court and commensurate with the seriousness of the offense." (*Ibid.*) The court "may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of

2

years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."[3] (§ 1202.4, subd. (b)(2).)

Section 1202.4, subdivision (d), provided: "In setting the amount of the fine pursuant to subdivision (b) in excess of the minimum fine pursuant to paragraph (1) of subdivision (b), the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay may include his or her future earning capacity. A defendant shall bear the burden of demonstrating his or her inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required." (Stats. 2011, ch. 45, § 1.)

Defendant contends that under *Southern Union Co. v. United States* (2012) 567 U.S. ___ [183 L.Ed.2d 318] (*Southern Union Co.*), the trial court's imposition of the restitution fine in the amount of $3,200 violated his constitutional rights to a jury trial and due process. He reasons that because a fine imposed upon a felony is punishment, the Six Amendment "requires that every fact that increases a defendant's sentence beyond the maximum must be proven to a jury beyond a reasonable doubt." He also argues that because his conviction alone does no more than make him eligible for the minimum fine,

---

[3]    It is possible the probation officer calculated defendant's $3,200 restitution fine by multiplying the minimum fine required prior to 2012 ($200) by the number of years of imprisonment he was ordered to serve (16).

3

the trial court cannot impose a fine greater than $240 without making additional findings.

As defendant acknowledges, his contention was rejected in *People v. Kramis* (2012) 209 Cal.App.4th 346 (*Kramis*). *Kramis* explained: "In *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [147 L. Ed. 2d 435] (*Apprendi*), the United States Supreme Court held, 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' As the United States Supreme Court explained in *Blakely v. Washington* (2004) 542 U.S. 296, 303 [159 L. Ed. 2d 403], '[T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.' (Some italics omitted.) Stated differently, '[T]he relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he [or she] may impose *without* any additional findings.' [Citation.] Therefore, in sentencing a defendant, a judgment may not 'inflict[] punishment that the jury's verdict alone does not allow.' [Citation.] In *Southern Union Co.*, the United States Supreme Court held *Apprendi* applies to the imposition of criminal fines. [Citation.] The statutory fine imposed in *Southern Union Co.* was $50,000 for *each day* of violation. In other words, the amount of the fine was tied to the *number of days the statute was violated*. In *Southern Union Co.*, the trial court, not the jury, made a specific finding as to the number of days of violation. The United States Supreme Court held the district court's factual finding as to the number of days the defendant committed the crime violated *Apprendi*. [Citation.]

"*Southern Union Co.* does not impact the restitution fine imposed in the present case. *Apprendi* and *Southern Union Co.* do not apply when, as here, the trial court exercises its discretion within a statutory range. [Citations.] As the United States Supreme Court held in *Apprendi*, '[N]othing in [the common law and constitutional

4

history] suggests that it is impermissible for judges to exercise discretion -— taking into consideration various factors relating both to the offense and offender -— in imposing a judgment *within the range* prescribed by statute.' [Citations.] As the Court of Appeal for the Fifth Appellate District noted in [*People v. Urbano* (2005) 128 Cal.App.4th 396], '*Apprendi* distinguishes a "sentencing factor" -— a "circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense" -— from a "sentence enhancement" -— "the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict" constituting "an increase beyond the maximum authorized statutory sentence." [Citation.]' [Citation.] Nothing in *Southern Union Co.* alters that holding. Under the applicable version of section 1202.4, subdivision (b)(1), absent compelling and extraordinary circumstances, the trial court was required to impose a restitution fine in an amount between $200 and $10,000. The $10,000 section 1202.4, subdivision (b) restitution fine imposed in the present case was within that statutory range. The trial court did not make any factual findings that increased the potential fine beyond what the jury's verdict -— the fact of the conviction -— allowed. Therefore, *Apprendi* and its progeny do not preclude its imposition. [Citation.]" (*Kramis, supra*, 209 Cal.App.4th at pp. 350-352.)

Under the applicable version of section 1202.4, subdivision (b)(1), absent compelling and extraordinary circumstances, the trial court was required to impose a restitution fine in an amount between $240 and $10,000. The $3,200 restitution fine imposed was within the statutory range. Here, as in *Kramis*, the trial court was exercising its discretion -— impliedly taking into consideration various factors relating both to the offense and offender -— in imposing a judgment *within the range* prescribed by statute. (*Kramis, supra*, 209 Cal.App.4th at pp. 350-352.) Accordingly, we reject defendant's contention.

5

DISPOSITION

The judgment is affirmed.


                                                                     HOCH     , J.


We concur:


        BUTZ     , Acting P. J.


    MURRAY   , J.