Filed 7/22/14  P. v. Joyce CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MITCHELL ALAN JOYCE,<br><br>    Defendant and Appellant. | 2d Crim. No. B250702<br>(Super. Ct. Nos. 2011009095,<br>2012036777)<br>(Ventura County) |

In Case No. 2011009095, Mitchell Alan Joyce appeals a judgment entered following his guilty plea to possession of heroin, with admissions that he suffered a prior serious felony strike conviction, and served four prior prison terms.  (Health & Saf. Code, § 11350, subd. (a); Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)  In Case No. 2012036777, Joyce appeals a judgment entered following his guilty plea to possession of heroin, with admissions that he suffered a prior serious felony strike conviction, served four prior prison terms, and was on bail at the time he committed the offense.  (Health & Saf. Code, § 11350, subd. (a); Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b), 12022.1, subd. (b).)  We affirm.

*FACTS AND PROCEDURAL HISTORY*

On April 23, 2013, Joyce waived his constitutional rights and pleaded guilty to possession of heroin in Case Nos. 2011009095 and 2012036777.  Joyce also

admitted suffering a prior serious felony strike conviction, serving four prior prison terms, and in Case No. 2012036777, possessing heroin while on bail in the earlier case.

The trial court granted Joyce's motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530, and struck the prior serious felony strike conviction. The court also dismissed the bail and prior prison term allegations. It then sentenced Joyce to an upper prison term of three years for each case, to be served concurrently. For each case, the court imposed a $280 restitution fine, a $280 parole revocation restitution fine (stayed), a $600 drug program fee, and a $200 laboratory analysis fee. (Pen. Code, §§ 1202.4, subd. (b), 1202.45; Health & Saf. Code, §§ 11372.7, subd. (a), 11372.5, subd. (a).) It also imposed a collective $80 court security assessment and a $60 criminal conviction assessment. (Pen. Code, § 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1).) The court awarded Joyce 605 days of presentence custody credit in Case No. 2011009095, and 512 days of presentence custody credit in Case No. 2012036777.

Joyce appeals and challenges the amount of the restitution fines and drug program fines.

*DISCUSSION*

Joyce contends that the trial court misunderstood its sentencing discretion when it imposed the $280 restitution fine and $600 drug program fee in each case. (Pen. Code, § 1202.4, subd. (b) [restitution fine]; Health & Saf. Code, § 11372.7, subd. (a) [drug program fee].) He points out that in March 2011, when he committed the offense in Case No. 2011009095, the minimum restitution fine was $200. In October 2012, when he committed the offense in Case No. 2012036777, the minimum restitution fine was $240. Joyce adds that Health and Safety Code section 11372.7, subdivision (b) has an "ability to pay" provision and he asserts that the trial court intended to impose only minimum fines and fees.

At sentencing, Joyce's counsel stated: "I am going to ask the Court to find that [Joyce] does not have the ability to pay for the presentence report. And also based on the fact that he is going to be spending – going to prison, he's asking the Court – he's

2

basically saying he is penniless. He is asking the Court to not impose the fines and fees or at least stay them for some time." The trial judge replied: "Well, the fines and fees that I am going to be imposing are not something I can waive. The one that I can waive is that presentence investigation. I do plan on doing that, finding the defendant has no ability to pay." The court then imposed the fines and fees without any objection from Joyce regarding the nature of the fines or fees, the amount thereof, or his ability to pay.

The trial court possessed the discretion to impose a Penal Code section 1202.4, subdivision (b) restitution fine in any amount from $200 to $10,000 in 2011, and from $240 to $10,000 in 2012. (Former Pen. Code, § 1202.4, subd. (b); *People v. Kramis* (2012) 209 Cal.App.4th 346, 350.) It is true that a claim raised for the first time on appeal concerning the court's failure to properly make a discretionary sentencing choice is not subject to review. (*People v. Gamache* (2010) 48 Cal.4th 347, 409 [restitution fine]; *People v. Smith* (2001) 24 Cal.4th 849, 852 ; *People v. Sharrett* (2011) 191 Cal.App.4th 859, 864 [drug program fee].) Forfeiture aside, the restitution fines imposed here fell within the lawful statutory discretionary range at the time Joyce committed his criminal offenses. Whatever the trial court meant when it indicated it would not waive certain fines and fees, Joyce did not ask for clarification. We presume the court understood and applied the law correctly. (Evid. Code, § 664; *Ross v. Superior Court* (1977) 19 Cal.3d 899, 913; *People v. Adanandus* (2007) 157 Cal.App.4th 496, 503.)

The judgments are affirmed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

3

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Herbert S. Tetef, Deputy Attorney General, for Plaintiff and Respondent.