Filed 11/17/20  P. v. Monroy CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC BERTO MONROY,<br><br>    Defendant and Appellant. | 2d Crim. No. B301691<br>(Super. Ct. No. 18CR06432)<br>(Santa Barbara County) |

Eric Berto Monroy appeals from the judgment after he pled guilty to second degree murder and admitted a gang allegation.  (Pen. Code,[1] §§ 187, subd. (a); 186.22, subd. (b)(1).)  The trial court sentenced him to 15 years to life in state prison.

Monroy contends the trial court erred when it imposed a $10,000 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8), and a $30 conviction

---

[1] Further unspecified statutory references are to the Penal Code.

assessment (Gov. Code, § 70373) without evidence of his ability to pay. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In January 2010, Monroy participated in the shooting of another person in order to gain favor with a gang. After pleading guilty to murder and admitting a gang allegation, the trial court sentenced him to 15 years to life in state prison.

At sentencing, Monroy objected to the imposition of fines and fees, including a $10,000 restitution fine (§ 1202.4, subd. (b)(1)), pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).[2] He said he was represented by court-appointed counsel, and had "no job, no future ability to have a job since he's pled to a murder conviction and will be serving a life sentence."

The trial court imposed the maximum restitution fine (§ 1202.4, subd. (b)). The court stated: "Considering the length of the incarceration, the fact that he can earn wages in prison, I am going to find that fine is also proportionate to the crime that was committed." The court also ordered a $10,000 parole revocation restitution fine, which was suspended pending successful completion of parole (§ 1202.45), $8,601.85 in victim restitution payable to the California Victim Compensation Board (§ 1202.4, subd. (f)), an additional $2,200 in victim restitution payable to the victim's family,[3] a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

---

[2] Monroy did not forfeit the challenge to the court operations and the conviction assessments. The record reflects he objected to "any fines or fees pursuant to [*Dueñas*]."

[3] Monroy's co-defendants were jointly and severally liable for both of the restitution awards.

## DISCUSSION

Monroy contends the trial court violated his due process rights when it imposed the fines and fees because there was no evidence of his ability to pay them. He contends the restitution fine should be stayed until the prosecution shows he has the ability to pay and the court operations and the conviction assessments should be stricken. We disagree.

*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164, held that due process requires a trial court to conduct a hearing to "ascertain a defendant's present ability to pay" before imposing a court operations assessment (§ 1465.8), a conviction assessment (Gov. Code, § 70373), or restitution fine (§ 1202.4). The facts of *Dueñas* were unique and unlike the facts here. Dueñas was convicted of driving on a suspended license, based at least in part on her financial inability to pay previously imposed fines or fees required to reinstate her license. She and her husband were homeless, unemployed, and unable to provide even basic necessities for themselves and their children. (*Dueñas*, at pp. 1160-1161.) The fines and fees in her case contributed to an ever-expanding cycle of criminal consequences due to her poverty. (*Id.* at p. 1163.)

There is nothing in the record to suggest Monroy had a history of an inability to pay court fines and fees, or that he had or would suffer further criminal consequences due to his poverty. The record reflects that Monroy had three jobs before his arrest and had a net monthly income of $300 after expenses. And unlike *Dueñas*, here the court determined Monroy's ability to pay the restitution fine and fees before imposing them. The court found that because Monroy can earn wages during his lengthy prison sentence, he had the ability to pay.

3

The court must impose a restitution fine "[i]n every case where a person is convicted of a crime . . . unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) The minimum restitution fine for a felony is $300 and the maximum is $10,000. (§ 1202.4, subd. (b)(1).)

"The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense." (§ 1202.4, subd. (b)(1).) In ordering a fine in excess of the $300 minimum, "the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission . . . . Consideration of a defendant's inability to pay may include [their] future earning capacity. A defendant shall bear the burden of demonstrating [their] inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required." (§ 1202.4, subd. (d).)

Monroy did not meet his statutory burden to show his inability to pay the $10,000 restitution fine. (§ 1202.4, subd. (d).) He stated that he had a court-appointed counsel, did not have a job, and would not have a future job based on his conviction. But qualifying for court-appointed counsel alone does not establish an inability to pay fines and fees. (See *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397 [a defendant may lack the ability to pay the costs of court-appointed counsel yet have the ability to pay a restitution fine]; see also *People v. Castellano* (2019) 33 Cal.App.5th 485, fn. 5 (*Castellano*) [whether a defendant was represented by court-appointed counsel is one of several factors to consider when determining an ability to pay].) In contrast,

4

Monroy did not present evidence or assert he was unable to work and earn wages during his prison sentence, or that he would not be able to obtain employment after his release.

The trial court properly acted within its discretion in setting the restitution fine. It considered Monroy's ability to earn money in prison. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076; *Castellano*, *supra*, 33 Cal.App.5th at p. 490.) Prison wages currently range from $12 to $56 per month. (Cal. Code. Regs., tit. 15, § 3041.2; *Aviles*, at p. 1076.) The state may garnish up to 50 percent of those wages to pay a restitution fine. (§ 2085.5, subds. (a), (c).) Nothing in the record suggests that Monroy, who was 27 years old at the time of sentencing, would be unable to work in prison. Given Monroy's 15 years-to-life sentence, his prison wages could pay the $40 court operations assessment, the $30 conviction assessment, and a substantial amount, or all, of the restitution fine.

Furthermore, inability to pay a restitution fine above the statutory minimum does not automatically invalidate it. (*People v. Potts* (2019) 6 Cal.5th 1012, 1056.) Inability to pay is but "a factor for the court to consider in setting the amount of a restitution fine, alongside 'any relevant factors.'" (*Id.* at p. 1056; *People v. Kramis* (2012) 209 Cal.App.4th 346, 350.) In setting the restitution fine here, the trial court properly exercised its discretion after it considered Monroy's ability to pay.[4]

---

[4] The Attorney General contends the challenge to the restitution fine is better addressed under the excessive fines prohibition of the Eighth Amendment. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 96, review granted Nov. 13, 2019, S257844.) But Monroy does not raise an excessive fines challenge on appeal, and in light of our affirmance, we need not resolve the Eighth Amendment question.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Gustavo E. Lavayen, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon and Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.