Filed 3/8/22 P. v. Montue CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROGER NICHOLAS MONTUE,<br><br>Defendant and Appellant. | C093755<br><br>(Super. Ct. No. 16FE005382) |

Following a jury trial, defendant Roger Nicholas Montue was convicted of two child molestation charges (Pen. Code, § 288, subd. (b)(1))[1] and as to each count, the court found true a One Strike law prior conviction (§ 667.61) and a prior serious felony conviction enhancement (§ 667, subd. (a)). (*People v. Montue* (Oct. 30, 2020, C087029)

---

[1] Undesignated statutory references are to the Penal Code.

[nonpub. opn.].)[2]  The court sentenced defendant to an indeterminate term of 100 years, plus a determinate term of 10 years.  On appeal, we affirmed the convictions but concluded under *People v. Anderson* (2020) 9 Cal.5th 946, defendant did not receive adequate notice the One Strike law would apply to both counts.  Accordingly, we struck the One Strike sentence on count two and remanded the matter for resentencing on that count.

Defendant appeals from the judgment following remand for resentencing. Defendant contends:  (1) the abstract of judgment for both the determinate and indeterminate terms should be corrected to reflect a single minimum restitution fine and parole revocation fine; (2) the court erred in imposing restitution and parole revocation fines above the statutory minimum authorized at the time of the offense; (3) the abstract of judgment improperly includes court operations (§ 1465.8) and criminal conviction assessments (Gov. Code, § 70373); and (4) the trial court erred in refusing to recalculate his custody credits at resentencing.  The People agree there should only be a single restitution and parole revocation fine but disagree as to the correct amount of those fines. The People also agree defendant is entitled to have his custody credits recalculated but suggest the matter need not be remanded for this recalculation.  We will remand the matter to allow the trial court to clarify the restitution fine, impose the assessments, and recalculate defendant's custody credits.  In all other respects, the judgment is affirmed.

---

**2**  In his opening brief, defendant indicates in a footnote that "By separate motion" he moved this court to take judicial notice of this court's file in case No. C087092.  We have received no separate motion, but the People indicate they have no opposition to the request.  We treat the request for judicial notice as a motion to incorporate this court's file in case No. C087092 by reference and grant that motion.

BACKGROUND

The relevant facts and procedural background underlying defendant's convictions are not relevant to the issue on appeal and are not recounted here.

Originally, the trial court sentenced defendant on counts one and two to two terms of 50 years to life, plus five years each for the prior conviction. The court imposed a single $10,000 restitution fine. The court also imposed a $40 court operations fine and a $30 criminal conviction assessment on each count.

At the resentencing hearing, defense counsel argued the court should recalculate defendant's presentence custody credits. Relying on the probation report, counsel indicated defendant was entitled to a total of 2,093 days of credit, 1,820 days of actual credit and 273 days of conduct credit. The court declined to recalculate defendant's presentence custody credits or have those credits reflected in the abstract of judgment, based on its understanding that California's Department of Corrections and Rehabilitation would determine the custody credits. Accordingly, the court indicated defendant had presentence custody credits of 886 days.

The sentence on count one remained "undisturbed." As to count two, the court imposed the upper term of eight years,[3] doubled in light of the prior strike conviction to 16 years, plus five years for the prior conviction enhancement, to run consecutive to the indeterminate term previously imposed. The court also indicated it would "reimpose the minimum fines, not the $10,000 fine that I imposed originally with respect to count two, in light of the change in the law, unless the People want the opportunity to demonstrate that [defendant] has the resources or funds to pay more than the minimum." The court then imposed a $300 restitution fine (§ 1202.4) and imposed and stayed an identical $300

---

[3] The parties and the court agreed at the time of the offense, the triad for the offense was three, six, or eight years.

3

parole revocation restitution fine (§ 1202.45). In confirming the sentence, the trial court later again indicated it had ordered the "minimum fine."

DISCUSSION

I

*Restitution Fines, Court Operations, and Criminal Conviction Assessments*

Defendant contends the abstract of judgment should be corrected to reflect only a single minimum restitution and parole revocation fine. The People agree there should only be a single restitution fine, and that it appears the court failed to recognize it could only impose a single restitution fine; but, the People claim the court intended to maintain the originally imposed $10,000 restitution fine. Defendant also contends the abstract of judgment incorrectly reflects imposition of the criminal conviction and court operations assessments on count two, when the trial court did not orally impose them. The People agree the trial court erred in not orally imposing the assessments, but argue they are mandatory so they should remain on the abstract.

A section 1202.4 restitution fine may be imposed only once on charges tried together in a single proceeding. (§ 1202.4, subd. (b); *People v. Sencion* (2012) 211 Cal.App.4th 480, 483.) Because of the interlocking quality of felony sentences, a court retains jurisdiction to review all parts of a sentence, including portions of the sentence related to convictions affirmed on appeal. (*People v. Rosas* (2010) 191 Cal.App.4th 107, 118.) When an appellate court has vacated a sentence and remanded for resentencing, the trial court is not limited to merely striking the illegal portions of the sentence but may consider all sentencing choices related to the interlocking parts of the sentence. (*Id.* at pp. 109-113; *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1257.) Restitution fines and parole revocation fines are part of that interlocking judgment and are not severable from the prior sentence. The trial court retains authority on resentencing to reduce punitive fines, such as restitution fines, on remand for resentencing. (*Rosas*, at p. 117; *Burbine*, at pp. 1257-1258.)

4

Generally, a " 'a trial court is presumed to have been aware of and followed the applicable law. [Citations.]' [Citations.] This rule derives in part from the presumption of Evidence Code section 664 'that official duty has been regularly performed.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Applying this presumption, we agree with defendant that the trial court's statements at resentencing suggest it intended to modify the restitution fine from $10,000 to the statutory minimum. The trial court specifically indicated it intended to reimpose the minimum fines previously imposed, except as to the $10,000 restitution fine; and the court indicated this change was based on "the change in the law," unless the People wanted to establish defendant had the ability to pay the higher fine.[4] In the original sentencing, the trial court properly imposed a single restitution fine on the case, not separately as to each count. There is no reason to believe the trial court did not understand its prior sentence or the extent of its resentencing discretion. To conclude as the People do, that the court intended to supplement the original fine would require us to presume that the trial court misunderstood its original sentence and misunderstood its discretion in imposing the restitution fine both by imposing two separate fines and imposing an amount over the statutory maximum. We see no reason in the record to reach such a conclusion. That said, the trial court's statement, with its reference to a restitution fine on count two, is not a model of clarity as to the amount of the restitution fine it intended to impose. This lack of clarity is compounded by the fact the trial court indicated it intended to impose the minimum fines but imposed a $300 restitution fine. While $300 is within the statutory guidelines, the

_____

[4] This appears to be a reference to the holding in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 that due process requires the trial court to stay execution of restitution fines, as well as court operation and conviction assessments, until it has determined the defendant has the present ability to pay. (*Id*. at pp. 1172-1173.)

5

statutory minimum restitution fine at the time of defendant's offense was $200. (Stats. 2007, ch. 302, § 14; *People v. Kramis* (2012) 209 Cal.App.4th 346, 349-350.) Because of the lack of clarity as to the amount of the restitution fine the trial court intended to impose, we will remand the matter.

We reach a similar conclusion with respect to the criminal conviction and court operations assessments. These are mandatory assessments. (*People v. Woods* (2010) 191 Cal.App.4th 269, 271-272.) In the original sentencing, the court imposed criminal conviction and court operations assessments separately on both counts one and two. At the resentencing hearing, the trial court did not explicitly mention the court operations and criminal conviction assessments at the resentencing hearing; instead, the court stated it was "reimpose[ing] the minimum fines" on count two. It is unclear if the court's statement was an oral imposition of the assessments or not.

We will remand to allow the court to clarify the amount of the restitution fine imposed and the imposition of the mandatory assessments.

II

*Presentence Custody Credits*

The parties agree the trial court erred in refusing to recalculate defendant's custody credits. When a sentence is modified while the defendant is serving the sentence, the trial court is obligated to credit the defendant, in its new abstract of judgment, with all days spent in custody up to that point. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.)

6

## DISPOSITION

The matter is remanded to the trial court with directions to recalculate presentence custody credits, impose the mandatory assessments, and clarify the amount of the restitution fine imposed.  In all other respects, the judgment is affirmed.

_____/s/_____
RAYE, P. J.

We concur:

_____/s/_____
HULL, J.

_____/s/_____
KRAUSE, J.