Filed 6/13/24  P. v. Welcome CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C098358 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF04634) |
| v. | |
| ROBERT CARL WELCOME, | |
| Defendant and Appellant. | |

Following a domestic dispute with his ex-wife that led to a police pursuit, defendant Robert Carl Welcome pled no contest to assault with a deadly weapon, inflicting corporal injury on a spouse or cohabitant, and recklessly evading a pursuing peace officer.  He admitted a prior strike conviction, which the trial court declined to dismiss, and received nine years four months in state prison.

On appeal, defendant challenges various financial obligations imposed at sentencing based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the Eighth Amendment's prohibition against excessive fines, and equal protection.  To the extent any

1

of these issues are deemed forfeited, defendant argues his counsel was ineffective for failing to raise the objections below.

We conclude defendant has forfeited his appellate contentions regarding the challenged fees and fines, and that he cannot establish ineffective assistance of counsel on this record. We therefore affirm.

## I. BACKGROUND

In September 2021, defendant's ex-wife called Paradise police to report that defendant had assaulted her and was trying to ram her in an orange dump truck after she fled in her car.[1] Responding officers saw an orange dump truck chasing another car and attempted to stop it. Defendant was driving the dump truck at an excessive rate of speed, crossed lanes of traffic unsafely, and drove into two ditches and hit a power pole. Defendant refused to stop, and officers eventually terminated the chase for safety reasons. His ex-wife later told the officers that before the chase, defendant had hit her during an argument, causing bruising and swelling on her face and cutting her eye and mouth; he also threatened to kill her. Defendant was subsequently apprehended.

In March 2022, defendant was charged in Butte County case No. 21CF04634 with assault with a deadly weapon, a vehicle (Pen. Code, § 245, subd. (a)(1)—count 1),[2] criminal threats (§ 422, subd. (a)—count 2), corporal injury of a spouse or cohabitant (§ 273.5, subd. (a)—count 3), false imprisonment by violence (§ 236—count 4), and two counts of fleeing a pursuing peace officer's motor vehicle while driving recklessly (Veh. Code, § 2800.2, subd. (a)—counts 5 & 6). For counts 1 through 3, it was alleged that defendant had five prior serious felony convictions. (§ 667, subd. (a)(1).) For all counts it was alleged that defendant had five prior violent or serious felony strike convictions

---

[1] This brief factual background is based on the probation report, which the parties stipulated to as the factual basis for defendant's plea.

[2] Further unspecified section references are to the Penal Code.

2

(§§ 667, subds. (b)-(j), 1170.12) and that he had been released on bail or on his own recognizance in Santa Clara County case Nos. C2108524 and C2106558 when he committed the present offenses. (§ 12022.1.)

In December 2022, defendant pled no contest to count 1 (assault with a deadly weapon), count 3 (corporal injury), and count 5 (recklessly fleeing a pursuing peace officer), and admitted one prior strike conviction in exchange for dismissal of the remaining charges and allegations with a *Harvey*[3] waiver. Defendant admitted the aggravating factors that he was armed with or used a weapon during the offense and that he engaged in violent conduct that indicated a serious danger to society. The parties agreed to the preliminary hearing transcript and the probation report as the factual basis for the plea.

The trial court denied defendant's *Romero*[4] motion to strike the prior strike conviction, and sentenced him to an aggregate determinate term of nine years four months in prison, including the midterm of three years for the assault offense, doubled to six years for the strike prior, a consecutive term of one year (one third the midterm) for the corporal injury offense, doubled for the strike, and a consecutive eight months (one third the midterm) for the reckless fleeing conviction, doubled for the strike prior. The trial court imposed a $300 restitution fine (§ 1202.4), a $300 parole revocation restitution fine (§ 1202.45), suspended unless parole was revoked, a $250 domestic violence program fee (§ 1463.27), a $90 criminal conviction assessment (Gov. Code, § 70373), and a $120 court operations assessment (§ 1465.8). The court awarded credits (§ 4019)

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

[4] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

and granted a 10-year postjudgment criminal protection order.  (§ 136.2.)  Defendant timely appealed without a certificate of probable cause.[5]

## II.  DISCUSSION

Defendant contends the trial court abused its discretion and violated his constitutional rights by imposing mandatory assessments and a restitution fine without determining his ability to pay.  He relies primarily on *Dueñas, supra*, 30 Cal.App.5th 1157, arguing the trial court failed to find he had the ability to pay the court operations and criminal conviction assessments before imposing them, and that the assessments must be stayed pending an ability to pay hearing.  Defendant further asserts the restitution fine violates the Eighth Amendment's prohibition against excessive fines, and that imposing the restitution fine without considering his ability to pay violates equal protection.

In *Dueñas*, the court reversed an order imposing the court operations and the criminal conviction assessments (§ 1465.8; Gov. Code, § 70373) after concluding that it was "fundamentally unfair" and violated due process under the federal and California Constitutions to impose the assessments without determining a defendant's ability to pay. (*Dueñas, supra*, 30 Cal.App.5th at p. 1168.)  *Dueñas* also concluded that the execution of a restitution fine under section 1202.4 "must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine."[6]  (*Dueñas, supra,* at p. 1164.)

---

**5** While defendant's appeal was pending, defense counsel submitted a letter to the trial court pursuant to section 1237.2 requesting that the court stay the assessments and restitution fine pending an ability to pay hearing.  The trial court declined to act on the request.

**6** Courts are split on whether *Dueñas* was correctly decided, and the Supreme Court is set to resolve the issue after granting review in *People v. Kopp* (2019) 38 Cal.App.5th 47, 95-96, review granted Nov. 13, 2019, S257844, on the following issue:  "Must a court

4

Defendant, however, concedes that he did not raise these objections below at the sentencing hearing. The lack of a specific objection on these precise grounds, the People argue, forfeits the claims of error on appeal. We agree with the People.

In general, a defendant who fails to request an ability to pay hearing based on *Dueñas* in the trial court forfeits the issue on appeal. (See e.g., *People v. Greeley* (2021) 70 Cal.App.5th 609, 624 [failure to request ability to pay hearing during sentencing, which occurred several months after *Dueñas* was decided, forfeited *Dueñas* issue].) The same principle applies to defendant's constitutional excessive fines and equal protection claims. (See e.g., *People v. McCullough* (2013) 56 Cal.4th 589, 592-593 [constitutional challenge to booking fee forfeited]; *People v. Torres* (2019) 39 Cal.App.5th 849, 860 & fn. 4 [excessive fines claim forfeited in absence of timely objection].) " ' "[N]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.)

In this case, defendant did not request an ability to pay hearing or otherwise cite *Dueñas* (even though it was decided four years *earlier*), the Eighth Amendment's excessive fines clause, or equal protection during the sentencing hearing when discussing fees and fines. While defense counsel did raise a concern regarding the $9,900 restitution fine recommended by probation, once the trial court indicated that it intended to impose only the minimum $300 restitution fine, defense counsel submitted on the issue without further objection. Defendant has therefore forfeited his appellate challenges to the fees and fines.

---

consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?" (See *People v. Kopp*, 2019 Cal. LEXIS 8371.)

Anticipating forfeiture, defendant argues that his trial counsel was ineffective for failing to request an ability to pay hearing below or otherwise object to the fees and fines on constitutional grounds. To establish a claim for ineffective assistance of counsel, defendant must show his counsel's performance was deficient and that he suffered prejudice as a result. (*People v. Mickel* (2016) 2 Cal.5th 181, 198 (*Mickel*); *Strickland v. Washington* (1984) 466 U.S. 668, 687-692.) To demonstrate prejudice, defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. (*Mickel, supra*, at p. 198.) We presume that "counsel's actions fall within the broad range of reasonableness, and [we] afford 'great deference to counsel's tactical decisions.' " (*Ibid.*)

As our Supreme Court has observed, "certain practical constraints make it more difficult to address ineffective assistance claims on direct appeal rather than in the context of a habeas corpus proceeding." (*Mickel*, *supra*, 2 Cal.5th at p. 198.) This is because "[t]he record on appeal may not explain why counsel chose to act as he or she did. Under those circumstances, a reviewing court has no basis on which to determine whether counsel had a legitimate reason for making a particular decision, or whether counsel's actions or failure to take certain actions were objectively unreasonable." (*Ibid.*) Thus, we will reverse only if there is affirmative evidence that counsel had no rational tactical purpose for an act or omission. (*Ibid.*; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266 [if " ' "the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected' "].) A defendant, therefore, bears a difficult burden when asserting an ineffective assistance claim on direct appeal. (*Mickel, supra*, at p. 198.)

Defendant has not met this heavy burden here. While the record is silent as to counsel's reasons, if any, for failing to request an ability to pay hearing or object to the

minimum fees and fines, it does disclose a tactical reason for not objecting based on inability to pay grounds.

Notably, when denying defendant's *Romero* motion prior to sentencing, the trial court specifically commented that defendant was employed prior to being arrested for the current offenses. Defense counsel reasonably could have determined that the trial court was unlikely to find an inability to pay given defendant's past employment as well as his future ability to pay the fines and fees. (See e.g., *People v. Kramis* (2012) 209 Cal.App.4th 346, 350 [a trial court may consider a defendant's future earning capacity when determining inability to pay]; *People v. Frye* (1994) 21 Cal.App.4th 1483, 1487 ["trial court is not limited to a consideration of a defendant's present financial circumstances; rather, the court may consider the future financial prospects of a defendant" when imposing fees and fines].)

Because the record discloses a tactical reason for counsel omitting an ability to pay objection, defendant cannot establish ineffective assistance of counsel.

### III.  DISPOSITION

The judgment is affirmed.


/S/

_____

RENNER, J.


We concur:


/S/

_____

HULL, Acting P. J.


/S/

_____

ROBIE, J.

7