Filed 11/14/24  P. v. Vargas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CARLOS JOSE VARGAS,<br><br>  Defendant and Appellant. | C100419<br><br>(Super. Ct. No. 2023CR0089465) |

Defendant Carlos Jose Vargas appeals following his conviction for assault with a deadly weapon while incarcerated.  He challenges a $300 minimum restitution fine imposed under Penal Code section 1202.4,[1] arguing:  (1) the trial court misunderstood its discretion to waive the restitution fine if it found compelling and extraordinary reasons to do so; (2) under *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the court violated due

---

[1]  Undesignated statutory references are to the Penal Code.

1

process by not determining his ability to pay before imposing the restitution fine; and (3) that imposing the restitution fine without an ability to pay hearing violated the Eighth Amendment's excessive fines clause. Finding no merit in his contentions, we shall affirm.

BACKGROUND

In July 2023, Vargas and a codefendant were jointly charged with attempted premeditated murder (§§ 664, 187, subd. (a); count I), assault by a life prisoner (§ 4500; count II), assault with a deadly weapon while confined in a state prison (§ 4501, subd. (a); count III), and custodial possession of a weapon (§ 4502, subd. (a); count IV). The first amended complaint alleged that Vargas personally inflicted great bodily injury in connection with counts I and II (§ 12022.7, subd. (a)), and that he had suffered two prior strike convictions (§ 667, subds. (b)-(i)).

In January 2024, Vargas pled no contest to the assault with a deadly weapon charge (count III) and admitted one prior strike allegation in exchange for a stipulated term of eight years in prison (the midterm of four years, doubled for the prior strike) and dismissal of the remaining counts and allegations. In the written plea agreement, Vargas acknowledged that the trial court would order him to pay a $300 restitution fine.

The trial court sentenced Vargas to eight years in prison in accordance with the plea agreement, to be served consecutively to the life term he was already serving. During the sentencing hearing, defense counsel asked the court to waive fines and fees based on Vargas's inability to pay. Vargas then addressed the court, explaining that he was transient before his incarceration and had no way to pay any fine. While he sometimes received gifts, he "[does not] accept it because they take most of it out of it." He explained that he did not keep money on his books and subsisted solely on what he was given in prison.

After questioning Vargas about his financial situation, the trial court stated it "[could not] do anything with the $300 restitution fund fine. That's just what the law

says." However, the court noted that it had some flexibility regarding assessments. The court therefore imposed a minimum $300 restitution fine (§ 1202.4), an identical $300 parole revocation restitution fine, which was suspended unless parole was revoked, and then waived the $40 court security assessment (§ 1465.8) and the $30 criminal conviction assessment (Gov. Code, § 70373). Vargas timely appealed in February 2024. His opening brief was filed in May 2024, and this case became fully briefed on August 21, 2024.

## DISCUSSION

Vargas contends the trial court misunderstood the scope of its discretion under section 1202.4. Citing the court's comment that it could not "do anything with the $300 restitution [fund] fine," Vargas argues that the court incorrectly assumed it had to impose the restitution fine and failed to recognize that it could have found compelling and extraordinary reasons to justify waiving the fine. We construe the court's comment differently.

Section 1202.4 provides in relevant part: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) "If the person is convicted of a felony," like Vargas was here, "the fine shall not be less than three hundred dollars ($300) and not more than ten thousand dollars ($10,000)." (§ 1202.4, subd. (b)(1).) Subdivision (c) of section 1202.4 expressly provides that "[a] defendant's inability to pay *shall not* be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine pursuant to paragraph (1) of subdivision (b)." (Italics added.)

3

A reviewing court presumes that the trial court knows and applies the correct statutory law in exercising its official duties. (Evid. Code, § 664; *People v. Mack* (1986) 178 Cal.App.3d 1026, 1032.) Nothing in the record here overcomes this presumption.

The court's comment that it could not "do anything with" the restitution fine because that is "just what the law says" accurately reflects section 1202.4's statutory requirements. Because Vargas argued only that he was unable to pay the fine, and a defendant's inability to pay a minimum restitution fine is not considered a compelling and extraordinary reason for not imposing the fine under the statute (§ 1202.4, subds. (b)-(c)), the court's comment shows it did not misunderstand its discretion or otherwise abuse its discretion under section 1202.4 when it imposed the minimum $300 restitution fine.

Relying primarily on *People v. Dueñas*, *supra*, 30 Cal.App.5th 1157, Vargas next argues that imposing the minimum $300 restitution fine violated his right to due process because he asserted an inability to pay the fine. In *Dueñas*, the court reversed an order imposing the court operations and the criminal conviction assessments (§ 1465.8; Gov. Code, § 70373) after concluding that it was "fundamentally unfair" and violated due process under the federal and California Constitutions to impose the assessments without determining a defendant's ability to pay. (*Dueñas*, at p. 1168.) *Dueñas* also concluded that the execution of a restitution fine under section 1202.4 "must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, at p. 1164.)

Courts are split on whether *Dueñas* was correctly decided, and the Supreme Court is set to resolve the issue after granting review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, on the following issue: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?"

4

We need not resolve the propriety of *Dueñas* here because our Supreme Court has made clear that a restitution fine is not automatically invalid if a defendant is unable to pay it. (*People v. Potts* (2019) 6 Cal.5th 1012, 1056.) Indeed, courts have recognized that the " '[a]bility to pay does not necessarily require existing employment or cash on hand.' " (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1487.) Thus, even assuming Vargas was transient before he was incarcerated on his prior case as he explained at the hearing, the trial court properly could have considered his future ability to pay the restitution fine given his lengthy prison sentence. (See, e.g., *People v. Kramis* (2012) 209 Cal.App.4th 346, 350 [when determining inability to pay for purposes of imposing a fine that exceeds the statutory minimum, a trial court may consider a defendant's future earning capacity]; *Frye*, at pp. 1486-1487 ["trial court is not limited to a consideration of a defendant's present financial circumstances; rather, the court may consider the future financial prospects of a defendant" when imposing fees and fines].) This includes wages he might earn while incarcerated. (§ 2700 ["The Department of Corrections shall require of every able-bodied prisoner imprisoned in any state prison as many hours of faithful labor in each day and every day during his or her term of imprisonment as shall be prescribed by the rules and regulations of the Director of Corrections"]; *People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377 [sentencing court may consider a defendant's future ability to pay, including his ability to earn wages while in prison]; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076 (*Aviles*) [recognizing the state may garnish a certain amount of prison wages to pay the § 1202.4 restitution fine].)

Vargas finally argues that the minimum $300 restitution fine violates the Eighth Amendment's prohibition against excessive fines. His failure to raise an Eighth Amendment objection below forfeits this issue on appeal.

" ' "[N]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having

5

jurisdiction to determine it." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881; see also *People v. McCullough* (2013) 56 Cal.4th 589, 592-593 [constitutional challenge to booking fee forfeited].)  This includes an excessive fines claim.  (See, e.g., *People v. Torres* (2019) 39 Cal.App.5th 849, 860 & fn. 4 [excessive fines claim forfeited in absence of timely objection].)

Even if we were to find the issue sufficiently preserved for review, we nonetheless would reject Vargas's Eighth Amendment challenge on the merits.  (U.S. Const., 8th Amend.; Cal. Const., art. I, § 17; *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 731 [after examining the relevant considerations, a reviewing court can decide whether a fine or penalty is unconstitutionally excessive]; *Aviles*, *supra*, 39 Cal.App.5th at p. 1072 [we review the excessiveness of a fine challenged under the Eighth Amendment de novo].)  Determining whether a fine is excessive for purposes of the Eighth Amendment is based on the factors set forth in *United States v. Bajakajian* (1998) 524 U.S. 321 (*Bajakajian*).  (*Lockyer*, at pp. 728-729 [applying Eighth Amendment analysis to both defendant's federal and state excessive fines claims]; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1040 (conc. opn. of Benke, J.).)

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality:  The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." (*Bajakajian*, *supra*, 524 U.S. at p. 334.)  "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." (*Ibid*.)

To determine if a fine is excessive in violation of the Eighth Amendment, a court considers:  "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, *supra*, 37 Cal.4th at p. 728; see *People v. Gutierrez*, *supra*, 35 Cal.App.5th at p. 1040 (conc. opn. of Benke, J.).) "While ability to pay may be part of the proportionality analysis, it is not the only factor."

6

(*Aviles*, *supra*, 39 Cal.App.5th at p. 1070, citing *Bajakajian*, *supra*, 524 U.S. at pp. 337-338.)

Here, we find that the minimum $300 restitution fine imposed in relation to Vargas's assault with a deadly weapon on another inmate while incarcerated is not grossly disproportional to the level of harm and his culpability in this matter. It was not grossly disproportionate to impose the statutory minimum restitution fine given Vargas's violent and assaultive conduct against the victim, his wanton disregard for the law, and the physical and mental safety of other inmates during the assault. The $300 restitution fine is not excessive under the Eighth Amendment or the equivalent provision of the California Constitution.

DISPOSITION

The judgment is affirmed.

      /s/        
BOULWARE EURIE, J.

We concur:

    /s/       
EARL, P. J.

    /s/       
RENNER, J.