Filed 5/27/25  P. v. Lopez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAMACIO SUFERINO LOPEZ,<br><br>Defendant and Appellant. | C100694<br><br>(Super. Ct. Nos. 22CM04417, 23CF02268, 23CF02277, 23CF02286, 23CM00815, 23CM01295) |

Originally charged with committing multiple offenses in five different criminal matters while on probation in a sixth criminal matter, defendant Damacio Suferino Lopez pled no contest to two felonies and five misdemeanors in exchange for dismissal of the remaining counts and allegations.  He was sentenced to six years in state prison.  Without objection, the trial court imposed an $80 court operations assessment ($40 per felony conviction), a $60 criminal conviction assessment ($30 per felony conviction), and $1,050 in restitution fines.

Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant contends the trial court violated the prohibition against excessive fines and his rights to equal protection

1

and due process in imposing the assessments and restitution fines without holding an ability-to-pay hearing.  To the extent any of these issues have been forfeited, defendant asserts ineffective assistance of counsel.

Our review of the record revealed an error in the abstract of judgment.  We will order the trial court to issue a corrected abstract that reflects the oral pronouncement of judgment and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1.      Case No. 23CF02277 (2277)

In April 2023, defendant was speeding and unsafely passing other motorists while driving.  After a California Highway Patrol officer unsuccessfully attempted to stop defendant, defendant crashed his car.  Defendant got out of the car and fled on foot.

Defendant was charged with felony fleeing a pursuing peace officer while driving recklessly (Veh. Code, § 2800.2, subd. (a); count 01) and misdemeanor resisting arrest (Pen. Code,[1] § 148, subd. (a)(1); count 02).  The court subsequently amended the information to add misdemeanor evading a police officer (Veh. Code, § 2800.1; count 03).

2.      Case No. 23CF02268 (2268)

In May 2023, defendant crashed his car while driving with his girlfriend S.R. and fled the scene on foot.  The two, who shared a child together, had been arguing before the crash, and defendant struck her in the face while he was driving.  A responding officer noticed S.R.'s face was swollen and her lip was bleeding.  Another officer found defendant walking along the side of the road.  Defendant's eyes were red and watery, and he smelled of alcohol.  Tests revealed defendant's blood-alcohol level was between 0.08 percent and 0.09 percent.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant was charged with willful infliction of corporal injury on a romantic partner (§ 273.5, subd. (a); count 01), misdemeanor driving under the influence within 10 years of two other driving under the influence convictions (Veh. Code, § 23152, subd. (a); count 02), misdemeanor driving with a blood-alcohol content of 0.08 percent within 10 years of two other driving under the influence convictions (Veh. Code, § 23152, subd. (b); count 03), misdemeanor hit-and-run driving (Veh. Code, § 20002, subd. (a); count 04), and misdemeanor driving with a suspended license (Veh. Code, § 14601.2, subd. (a); count 05).

3.  Case No. 23CF02286 (2286)

In a different incident in May 2023, defendant, S.R., and another friend went to the home of M.S. so S.R. could confront M.S. about her alleged relationship with defendant. Even though M.S. was not there, defendant shot at the residence.

Defendant was charged with shooting at an inhabited dwelling with a firearm use enhancement. (§§ 246, 12022.5, subd. (a); count 01.)

4.  Plea and Sentencing

In December 2023, defendant entered into a plea agreement. In case No. 2268, defendant pled no contest to counts 01 and 02. In case No. 2277, defendant pled no contest to counts 02 and 03. In case No. 2286, defendant pled no contest to count 01. In case No. 23CM00815 (0815), defendant pled no contest to misdemeanor driving under the influence. (Veh. Code, § 23152; count 01). In case No. 23CM01295 (1295), defendant pled no contest to misdemeanor battery (§ 243; count 01). Given defendant's pleas, the trial court also found that defendant had violated probation in case No. 22CM04417 (4417). The remaining allegations were dismissed with a *Harvey* waiver.[2]

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

3

The January 2024 probation report noted that, at the time of the crimes at issue here, defendant was 25 years old, on probation, and had a suspended driver's license. Defendant told the probation officer that he had a "trauma[tic]" childhood because his parents were absent and his grandmother raised him. He had "associated with 'the wrong crowd.' "

In addition, defendant had been diagnosed with a medical condition when he was "a youth." He had been prescribed medication for it, but took it for only two years. Defendant had obtained his GED, and, although he had never found actual employment, he had worked as a hairdresser and fishing guide. Defendant also said he had job skills in food service. He felt he would benefit from learning job skills and addressing his impulsivity.

Defendant described himself as an alcoholic and admitted to abusing a specific drug. He hoped to participate in a substance abuse program and achieve sobriety. He also had been evicted from his apartment but planned to move in with his grandmother once he was released from incarceration. The report recommended imposing various fines and fees, including restitution fines (§ 1202.4), court operations assessments (§ 1465.8), and criminal conviction assessments (Gov. Code, § 70373).

In March 2024, the trial court sentenced defendant to prison for an aggregate term of six years, as follows: (1) five years for count 01 in case No. 2286, (2) one year consecutive for count 01 in case No. 2268, (3) one year concurrent for count 02 in case No. 2268, (4) one year concurrent for count 02 in case No. 2277, (5) one year concurrent for count 03 in case No. 2277, (6) one year concurrent for count 01 in case No. 0815, and (7) one year concurrent for count 01 in case No. 1295. The court also revoked and terminated probation in case No. 4417.

The court also imposed various fines and fees, including: (1) section 1202.4, subdivision (b) restitution fines of $300 in each of cases Nos. 2286 and 2268 and $150 in each of cases Nos. 2277, 0815, and 1295 ($1,050 total); (2) section 1202.45 parole

4

revocation fines (suspended unless parole is revoked) of $300 each in cases Nos. 2286 and 2268; (3) an $80 court operations assessment ($40 for each of the two felony counts) (§ 1465.8, subd. (a)(1)); and (4) a $60 criminal conviction assessment ($30 for each of the two felony counts) (Gov. Code, § 70373). (RT 83-84) Defendant did not object to the fines and fees or ask for an ability-to-pay hearing.

Despite the oral pronouncement of judgment, the abstract of judgment lists a $120 court operations assessment and a $90 criminal conviction assessment.

Defendant timely appealed.

## DISCUSSION

## I

Relying on *People v. Dueñas*, *supra*, 30 Cal.App.5th at page 1157, defendant argues the trial court erred in imposing $1,050 in restitution fines, the court operations assessment, and the criminal conviction assessment without first considering whether defendant had the ability to pay the amounts imposed. Defendant further asserts the restitution fine violates the Eighth Amendment's prohibition against excessive fines, and that imposing the restitution fine without considering his ability to pay violates his equal protection rights.

In *Dueñas*, the appellate court reversed an order imposing the court operations (§ 1465.8) and the criminal conviction assessments (§ Gov. Code, § 70373). According to the court, it was "fundamentally unfair" and violated due process under the federal and California Constitutions to impose the assessments without determining a defendant's ability to pay. (*People v. Dueñas*, *supra*, 30 Cal.App.5th at pp. 1168, 1172-1173.) In addition, *Dueñas* concluded that the execution of a restitution fine under section 1202.4 "must be stayed unless and until the trial court holds an ability to pay hearing and

5

concludes that the defendant has the present ability to pay the restitution fine."[3] (*Dueñas*, at p. 1164.)

As the People correctly argue, during the sentencing hearing, defendant failed to object to these amounts or request an ability-to-pay hearing, and has therefore forfeited the issue on appeal. (See *People v. Greeley* (2021) 70 Cal.App.5th 609, 624 [*Dueñas* arguments forfeited by failure to raise in trial court].) For the same reason, defendant has also forfeited his constitutional excessive fines and equal protection claims. (See, e.g., *People v. McCullough* (2013) 56 Cal.4th 589, 592-593 [constitutional challenge to booking fee can be forfeited unless defendant timely objects]; *People v. Torres* (2019) 39 Cal.App.5th 849, 860 & fn.4 [excessive fines claim forfeited in absence of timely objection].) " ' "[N]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.)

Defendant responds that his trial counsel provided ineffective assistance in failing to request an ability-to-pay hearing or otherwise object to the fines and fees on constitutional grounds. To establish a claim of ineffective assistance of counsel, a defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant, meaning there is a "reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding

---

[3] Courts are split on whether *Dueñas* was correctly decided, and the Supreme Court is set to resolve the issue after granting review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, on the following issue: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?" (See *People v. Kopp* (S257844), order granting review Nov. 13, 2019.)

would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009; see also *Strickland v. Washington* (1984) 466 U.S. 668, 687-688.)

On direct appeal, a conviction will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.  All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai*, *supra*, 57 Cal.4th at p. 1009.)

Defendant has not met his burden to establish ineffective assistance here.  Defense counsel did not provide any reasons for failing to request an ability-to-pay hearing or object to the minimum fines and fees, but the record does disclose a tactical reason for not objecting based on the ground of inability to pay—the evidence does not establish he was unable to work.  Defendant was 25 years old at the time of sentencing and had obtained his GED.  He had job skills in food service and had worked in the past as a hairdresser and fishing guide.  Moreover, he said he wanted to learn job skills.  And, although he may have previously been evicted, he planned to resume living with his grandmother when released from incarceration.  Under the circumstances, defense counsel reasonably could have determined that the trial court was unlikely to find an inability to pay $1,190 in fines and fees.  (See, e.g., *People v. Kramis* (2012) 209 Cal.App.4th 346, 350 [a trial court may consider a defendant's future earning capacity when determining inability to pay]; *People v. Frye* (1994) 21 Cal.App.4th 1483, 1487 [when imposing fees and fines, a trial court can consider a defendant's present financial circumstances *and* "future financial prospects"].)

Because the record discloses a tactical reason for counsel omitting an ability-to-pay objection, defendant cannot establish ineffective assistance of counsel.

## II

Our review of the record revealed that, even though defendant was convicted of only two felonies and the trial court orally imposed a $40 court operations assessment (§ 1465.8) and a $30 conviction assessment (Gov. Code, § 70373) per count, the abstract of judgment lists a $120 court operations assessment (should be $80) and a $90 conviction assessment (should be $60). We will order the trial court to issue a corrected abstract of judgment that reflects the oral pronouncement of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [a reviewing court may order correction of an abstract of judgment that fails to accurately reflect the trial court's oral pronouncement of judgment].)

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

/s/
WISEMAN, J.*

We concur:

/s/
DUARTE, Acting P. J.

/s/
MESIWALA, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.